BOUTALL, Judge.
This is an appeal from a summary judgment in favor of defendants, Gertrude Gardner, Inc. and John William Meehan, III, dismissing plaintiffs’ suit against them. The issue is the applicability of summary judgment.
Plaintiffs-appellants, Mr. and Mrs. Ralph Crowley, purchased a home from the defendants Charles Poster and Jack Allen, doing business as Alpha Builders, on October 8, 1974. Gertrude Gardner, Inc. was the real estate broker who handled the transaction through its agent John William Meehan, III. Alleging that the house purchased was incomplete and contained defects in workmanship, on October 7, 1975, plaintiffs filed suit against all defendants. Although entitled “Petition in Quanti Mi-noris” it is apparent that the suit contains in reality two demands. The first is a demand in quanti minoris against the vendors for reduction in purchase price, damages and attorneys’ fees, and judgment is asked for these items only against the vendors. The petition then contains additional -allegations, saying that Gertrude Gardner and Meehan by fraud and deceit lured and forced plaintiffs into the offer and sale, that their commission was not earned because it was their duty to see to it that the defects were remedied before the sale, and they knew plaintiffs were not willing buyers and are responsible for the return of their commission, paid by plaintiffs, of $2,520.00. Judgment of this amount is asked only against those two named defendants.
Gertrude Gardner and Meehan filed a motion for summary judgment, supported by affidavits and documents, contending that plaintiffs paid nothing to them, that their fee was paid entirely by the vendor, and that plaintiffs are not entitled to recover something which they did not pay. A summary of the uncontested facts show that on August 14, 1974, plaintiffs offered to purchase the subject house for $42,000 conditioned upon the ability to make a specified loan and deposited 10% of the purchase price, or $4,200. The document further stated that if the offer was accepted, the seller agreed to pay the agent’s commission of 6% to be equally divided between Gertrude Gardner, Inc. 3% and Alpha Builders 3%, and the commission is earned by the agent when the agreement is signed by both parties when the mortgage loan had been secured. The agreement was accepted the next day by Charlie Foster. The Crow-leys made the necessary deposit and it was held by Gertrude Gardner in a special account.
On September 23,1974, Gertrude Gardner drew three checks on that account, one to itself as its share of the commission, one to Charlie Foster for his share of the commission and one to Charlie Foster for the balance to be applied to the purchase price. These checks were not cashed until after the Act of Sale. Also, on October 8th, the date of sale, Gardner drew on its own account two checks to its selling agent Mee-han and listing agent Audrey Fitzner. The Act of Sale was passed October 8, 1974.
The affidavits of the plaintiffs do not dispute these facts but do urge a different conclusion, to-wit:
“The money paid for the real estate commission herein were (sic) in fact paid by affiants and not the sellers as said monies were taken from affiants ($4,200.00) and disbursed well in advance of the act of sale on September 23, 1974 by Gardner before title passed to affiants *1159 and therefore affiants, not sellers, paid the commissions.”
The trial judge considered these were conclusions not contested facts and so do we.
Referring again to the agreement between the parties, we again note that the seller agrees to pay the commission and that the commission is earned when the agreement is signed and the mortgage loan is secured. It was not until after the Act of Sale that the checks were presented for payment. Under these circumstances, we agree with the trial judge’s conclusion that it was the sellers and not the plaintiffs-buyers who paid the real estate commission of defendants, and that not having paid the fee, they cannot ask for its return.
In reaching this conclusion, we are deeply troubled by the allegations of fraud made against the defendants in this appeal. The allegations made in appellants’ affidavits are uncontested in this respect, but we do not consider them relevant to the particular relief sought. We also reiterate that these defendants are not made parties-defendant to the demand against the other defendants.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.